CHARLES H. CARROLL and others *vs.* ROBERT VAN RENSELLAER and others.

1840.
First Circuit.

Carroll
*vs.*
Van Rensellaer.

December 1.

The vendor of real estate has an equitable lien upon the same for the purchase money, where there is no security for its payment taken.

The bill in this case was filed December 9, 1839, and stated that November 8, 1836, complainants were seized and possessed in their own right in fee simple, of certain lands and premises situated in the county of Lenawee, in the state of Michigan; that they sold the same to Peter Stuyvesant, of the city of New York, for the sum of $12,284 00, and executed and delivered a deed therefor in due form of law; that $5,174 54 was paid on the execution and delivery of the deed, and at the same time Stuyvesant delivered to complainant Charles H. Carroll a bond, executed by John Catlin, bearing date September 2, 1835, for the sum of $7,197 10, payable September 22, 1838, bearing interest at six per cent, payable semi-annually, which bond was assigned and guarantied by Stuyvesant, with the understanding and agreement, that if the money secured by the bond should be paid to Charles H. Carroll, the same should be applied in liquidation of the balance of said purchase money; that July 30, 1839, Stuyvesant conveyed the lands and premises to Robert Van Rensellaer. The bill charges Van Rensellaer with full notice of all the facts; and also charges the conveyance from Stuyvesant to Van Rensellaer to be fraudulent, and that Stuyvesant and Catlin are insolvent and that there yet remains due of the purchase money, about the sum of $8,222.

An answer was put in by Van Rensellaer, which was subsequently withdrawn and the bill taken as confessed.

The complainants asked a decree that the amount of the purchase money remaining due from Stuyvesant to complainants shall be a lien on the premises, and that defendants redeem the premises by the payment of the sum remaining due within a certain time, or in default thereof, that all and singular the premises be sold, &c.

A. D. Frazer, for complainants.

The proposition that the vendor of real property who has not taken separate security for the purchase money, has a lien for it on the land as against the vendee and his heirs, is too well settled in the several states of this, Union to admit of discussion, subject indeed to be defeated by alienation to a bona fide purchaser without notice. *Brown* vs. *Gilman,* 4 *Wheat.* 255, and notes. *Baily* vs. *Greenleaf.* 7 *Wheat.,* 46. This doctrine is fully examined by Lord Elden in the case of *McKrette* vs. *Symmons,* 15 *Ves.,* 29. And the result of his investigation is

1st. That generally speaking there is a lien.

2d. That in those general cases in which there would be a lien as between vendor and vendee, the vendor will have the lien against a third person who had notice that the money was not paid. He adds, these two points seem to be clearly settled. Chancellor Kent also, in *Garson* vs. *Green,* 1 *J. C. R.,* 303, recognizes this doctrine. Reference is also made to the following cases ; *Hughes* vs. *Kearny,* 1 *Sch. & Lef.,* 132 ; *Nain* vs. *Prowse,* 6 *Ves.,* 752; *Brown* vs. *Gilman,* 1 *Mason, C. C. R.* 191.

The Chancellor. The vendor of real estate has unquestionably an equitable lien upon the same for the purchase money, where there is no security for its payment taken. The complainants are entitled to take their decree in the form suggested.